UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:25-cv-12060-AH-ACCV | Date | June 24, 2026 |
|---|---|---|---|
| Title | *David Rodriguez v. B. Birkholz* | | |

Present: The Honorable    Angela C. C. Viramontes, United States Magistrate Judge

| D. Castellanos | Not reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None present | None present |

**Proceedings (In Chambers):**    **Order to Show Cause Why the Petition Should Not Be Dismissed**

On December 5, 2025, Petitioner David Rodriguez ("Petitioner"), an inmate proceeding pro se who is serving a sentence at the Federal Correctional Institution I in Lompoc, California, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (ECF 1). Petitioner asserts that the Federal Bureau of Prisons ("BOP") has denied him all the credits he has earned toward early release under the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3632, based solely on him being subject to an immigration detainer from United States Immigration and Customs Enforcement ("ICE"). (Petition at 2, 6). Petitioner also has pending two motions: (1) a "Motion to Expedite Proceedings" filed on February 6, 2026 (ECF 10), and (2) a "Motion for Immediate Release" filed on March 6, 2026 (ECF 13).

On April 2, 2026, Respondent filed a Motion to Dismiss the Petition ("Motion to Dismiss") (ECF 15), arguing that the Court should dismiss the Petition because Petitioner has not exhausted his administrative remedies. (Motion to Dismiss at 7-12). Respondent advised that the BOP projected Petitioner would be released from BOP custody on June 22, 2026. (Id. at 7). Respondent since has advised that a final order of removal issued on June 1, 2026, requiring that Petitioner be removed to Mexico. (ECF 20).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:25-cv-12060-AH-ACCV | Date | June 24, 2026 |
|---|---|---|---|
| Title | *David Rodriguez v. B. Birkholz* | | |

The FSA directs the BOP to implement reentry initiatives, including programming and programming incentives, good time credits, and compassionate release. See 18 U.S.C. § 3632. The FSA also calls for the implementation of a "risk and needs assessment" system to evaluate federal prisoners' recidivism risk and to direct programming and programming incentives. 18 U.S.C. § 3632(a). Under the FSA, eligible federal prisoners may earn time credits by participating in approved evidence-based recidivism reduction activities. 18 U.S.C. § 3632(d)(4). These time credits may be applied toward prerelease custody (i.e., a halfway house or home confinement) or early transfer to supervised release. 18 U.S.C. §§ 3624(g); 3632(d)(4)(C). However, "[a] prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). "In the deportation context, a final 'order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" Nasrallah v. Barr, 590 U.S. 573, 581 (2020) (quoting 8 U.S.C. § 1101(a)(47)(A)).

It appears that an immigration judge ordered Petitioner removed from the United States on June 1, 2026, under Immigration and Nationality Act § 238(b). See ECF 20-1 (entitled "Final Administrative Removal Order"). Section 238(b), codified at 8 U.S.C. § 1228(b), provides for expedited removal proceedings for non-citizens convicted of committing aggravated felonies. Zuniga v. Barr, 946 F.3d 464, 468 (9th Cir. 2019); Gomez-Velazco v. Sessions, 879 F.3d 989, 991 (9th Cir.), reh'g denied, 890 F.3d 1194 (9th Cir. 2018) ("Section 1228(b) authorizes DHS [Department of Homeland Security] to order a limited class of non-citizens removed from the country without affording them a hearing before an immigration judge."). "Proceedings under § 1228(b) are summary in nature because if DHS establishes. . . three predicates [i.e., (1) the person is not a United States citizen, (2) has not been lawfully admitted for permanent residence, and (3) has been convicted of an aggravated felony], the individual is conclusively presumed removable and categorically ineligible for most forms of discretionary relief from removal." Id. (citing 8 U.S.C. § 1228(b)(5), (c); United States v. Arrieta, 224 F.3d 1076, 1080-81 (9th Cir. 2000)).

The Final Administrative Removal Order ("FARO") in this case under Section 1228(b) was final immediately upon the issuance of the order. See Riley v. Bondi, 606 U.S. 259, 267 (2025) (where immigration detainee was ordered removed under Section 1228's "streamlined" track, holding, "Because an alien in streamlined removal proceedings cannot seek review of his FARO before an [Immigration Judge] *or* the [Board of Immigration Appeals], the period to seek review 'expir[es]' as soon as the FARO is issued—meaning that the order becomes final

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:25-cv-12060-AH-ACCV | Date | June 24, 2026 |
|-----|----------------------|------|----------------|
| Title | *David Rodriguez v. B. Birkholz* | | |

immediately upon issuance."). It follows that Petitioner now is statutorily ineligible for the application of FSA time credits. See, e.g., Zamora-Cardenas v. Ricocol, 2025 WL 1335665, at *4 (C.D. Cal. Mar. 24, 2025), report and recommendation adopted, 2025 WL 1331710 (C.D. Cal. May 5, 2025) (issuance of removal order by immigration judge rendered petitioner ineligible for application of FSA time credits); Gutierrez-Jaramillo v. Quintana, 2024 WL 4193967, at *3 (C.D. Cal. Aug. 8, 2024), report and recommendation adopted, 2024 WL 4190850 (C.D. Cal. Sep. 13, 2024) (same); Lomeli v. Birkholz, 2024 WL 3528677 (C.D. Cal. June 18, 2024), report and recommendation adopted, 2024 WL 3526881 (C.D. Cal. July 24, 2024) (same).

Because Petitioner is asking the Court to order Respondent to apply all of the FSA credits to which he claimed he was entitled when he was subject only to an immigration detainer (Petition at 7), for which he now is ineligible given the final removal order, it appears that he is not entitled to the relief he seeks. In light of the foregoing, Petitioner is ORDERED TO SHOW CAUSE in writing, **on or before July 15, 2026**, why the Court should not dismiss this action with prejudice due to Petitioner's being subject to a final order of removal, rendering him ineligible to apply FSA credits. To discharge this Order to Show Cause, Petitioner must submit a response of no more than five pages showing that that the continued pursuit of this case would or could lead to any relief now that Petitioner is subject to the removal order.

**Petitioner is warned that the failure to timely respond to this Order to Show Cause and/or to show good cause may result in the Court entering judgment dismissing this action with prejudice.**

**IT IS SO ORDERED.**